NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ERIK HAMPTON, | : | Civil Action No. 19-18838 (SRC) |
|  | : |  |
| Plaintiff, | : |  |
|  | : | **OPINION** |
| v. | : |  |
|  | : |  |
| COMMISSIONER OF SOCIAL SECURITY, | : |  |
|  | : |  |
| Defendant. | : |  |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff Erik Hampton ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning July 23, 2017. A hearing was held before ALJ Dennis O'Leary (the "ALJ") on October 18, 2018, and the ALJ issued an unfavorable decision on November 27, 2018. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

1

In the decision of November 27, 2018, at step three, the ALJ found that Plaintiff did not meet or equal any of the Listings.   At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform sedentary work, with certain limitations.   At step four, the ALJ also found that this residual functional capacity was not sufficient to allow Plaintiff to perform his past relevant work.   At step five, the ALJ determined, based on the testimony of a vocational expert, that there are jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity.   The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on three grounds: 1) at step three, the ALJ erred in finding that Plaintiff did not meet the requirements of Listings 1.02B and 1.04A; 2) , at step four, the ALJ improperly discounted the expert medical opinions and relied on his own speculation or lay opinion; and 3) at step five, the vocational expert's testimony conflicts with information from another resource.

Plaintiff first argues that the ALJ erred at step three in finding that Plaintiff does not meet the requirements of either Listing 1.02B or 1.04A.   Listing 1.02 states:

> ***1.02 Major dysfunction of a joint(s) (due to any cause)*** : Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With:
> A. Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b;
>
> OR
>
> B. Involvement of one major peripheral joint in each upper extremity (i.e.,

2

>shoulder, elbow, or wrist-hand), resulting in inability to perform fine and gross movements effectively, as defined in 1.00B2c.

Plaintiff contends that he meets the requirements of Listing 1.02B, but Plaintiff's brief does not muster the evidence to support this assertion. In support, Plaintiff presents a summary of the findings of Dr. Mohit, Dr. Todar, and an MRI. (Pl.'s Br. 11.) Plaintiff does not point out where these pieces of evidence show that Plaintiff meets the requirements of Listing 1.02B. Plaintiff does quote section 1.00B2c, which states:

> Inability to perform fine and gross movements effectively means an extreme loss of function of both upper extremities; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities.

Plaintiff's brief does not muster the evidence to show that this requirement has been met. The evidence cited by Plaintiff does not demonstrate that Plaintiff has an extreme loss of function of both upper extremities. It shows some difficulties, but nothing so extreme. The ALJ's determination that Plaintiff does not meet the requirements of Listing 1.02B is supported by substantial evidence.

Plaintiff also contends that the ALJ erred in finding that Plaintiff does not meet the requirements of Listing 1.04A, which states:

> ***1.04 Disorders of the spine*** (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine); . . .

Plaintiff has summarized the evidence and points to clear medical evidence of nerve root

3

compression.  In opposition, the Commissioner points out that nerve root compression is only one of several requirements of Listing 1.04A, and that Plaintiff has not pointed to evidence of motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss.  Plaintiff did not file a reply brief and thus did not dispute the Commissioner's assertion.  Plaintiff has pointed to no evidence that he has the required motor loss accompanied by sensory or reflex loss.  The ALJ's determination that Plaintiff does not meet the requirements of Listing 1.04A is supported by substantial evidence.

Next, Plaintiff argues that, at step four, the ALJ improperly discounted the expert medical opinions and relied on his own speculation or lay opinion.  Plaintiff here mischaracterizes the ALJ's findings at step four.  The ALJ did not reject the opinions of the medical experts, but gave "partial weight" to the opinions of each of Dr. Mohit, Dr. Colon, and the state agency reviewers.  (Tr. 20-21.)  The cited opinions support the residual functional capacity determination.  The record does not support Plaintiff's assertion that the residual functional capacity determination was based on the ALJ's speculation or lay opinion.

Plaintiff also argues that, at step four, the ALJ did not make any reference to the evidence supporting his residual functional capacity determination.  This is contradicted by the plain language of the decision, which clearly does so. (Tr. 20-21.)  The determination at step four is supported by substantial evidence.

Last, Plaintiff argues that, at step five, the vocational expert's testimony conflicts with information from some other resources, the Dictionary of Occupations[1] and "O*NET."  (Pl.'s

---

[1] The Court assumes that this is a typo and that Plaintiff is referring to the "Dictionary of Occupational Titles."

4

Br. 21.)   Plaintiff contends that the vocational expert cited three occupations listed in the Dictionary of Occupational Titles ("DOT"), and two of the DOT listings state O*NET codes which, when looked up in O*NET, describe jobs with requirements that Plaintiff cannot meet. There are several problems with this argument.   First, even if Plaintiff is entirely correct on this point, Plaintiff concedes that, for at least one of the three jobs, the DOT listing does not mention an O*NET code and so this argument does not apply.   That is a concession that the vocational expert was correct about at least one job of the three.   Second, Plaintiff cites no authority in support of bringing in O*NET here: Plaintiff has offered no legal basis for this argument. Third, the vocational expert testified that a person with Plaintiff's characteristics could perform these three jobs.   The substantial evidence here is the expert's testimony that, in his or her expert opinion, a person with Plaintiff's characteristics can perform these three jobs.   Plaintiff's argument, even if correct, does not change the fact that the expert testified that a person with Plaintiff's characteristics <u>can</u> perform these three jobs.   The expert offered this testimony; the ALJ relied on it; and Plaintiff has failed to point to any authority that indicates any error.   The ALJ's determination at step five is supported by substantial evidence.

     Plaintiff has not persuaded this Court that the ALJ erred in his decision.   This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

                                              s/ Stanley R. Chesler
                                           STANLEY R. CHESLER, U.S.D.J.

Dated: September 4, 2020